**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FELLOWES INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW UNITED OFFICE EQUIPMENTS CO. LTD, a Chinese company; NEW UNITED OFFICE EQUIPMENT USA, INC., an Illinois corporation, SIMPLYGLOBO, INC., an Illinois company<br><br>Defendants. | Case No: 1:12-cv-10273<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Fellowes, Inc. ("Fellowes"), an Illinois corporation, through its attorneys, Baker & McKenzie LLP hereby states as follows by way of its complaint against Defendants New United Office Equipments Co. Ltd. ("New United") and New United Office Equipment USA, Inc. ("New United Chicago"):

**THE PARTIES**

1. Plaintiff Fellowes is an Illinois corporation headquartered in Itasca, Illinois with its principle place of business at 1789 Norwood Avenue, Itasca, IL 60143. Fellowes manufactures, sells and distributes paper shredders in the United States, including in the State of Illinois, and including in this District.

2. Defendant New United is a Chinese Company with a place of business at No. 6 Qianjia Industrial Park, Yaoguan, Jiangsu Province 213011, China. New United manufactures products in China, including the products at issue in this case, and sells and distributes them throughout the United States, including in the Northern District of Illinois.

3. Defendant New United Chicago is an Illinois corporation with its principle place of

business at 3701 Commercial Avenue, Northbrook, Illinois. New United Chicago sells and distributes throughout the United States, including in this district, products manufactured by New United, including the products at issue in this case.

4. On information and belief, Defendant SimplyGlobo Inc. is an Illinois company with a place of business at 130 E Hill St, Villa Park, IL 60181.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1338 because this matter arises under the United States patent statutes for infringement of United States patents. This court also has jurisdiction over the non-patent related claims of this complaint pursuant to supplemental jurisdiction under 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b), 1391(b) and 1391(c).

**FACTS**

7. Fellowes is the owner of and has the right to sue for infringement of U.S. Patent Nos. D583,859 (Exhibit A, the "'859 patent") and D598,048 (Exhibit B, the "'048 patent"). Fellowes owned the '859 and '048 patents throughout the period of Defendants' infringing acts, and still owns them.

8. Fellowes is also the owner of trade secrets associated with its shredders, including the design, manufacture and testing thereof, herein "Fellowes Trade Secrets". All of Fellowes' shredders embody Fellowes' trade secrets and/or were developed through the use and implementation of Fellowes' trade secrets. Each of the Fellowes Trade Secrets was information that was sufficiently secret to derive economic value, actual or potential, from not being

generally known to or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, including other persons in the shredder industry and other persons in the general public.

9. The Fellowes Trade Secrets are sufficiently secret to derive economic value from being kept secret, and they have been, at all times material to this complaint, the subject of reasonable efforts to maintain secrecy. The Fellowes Trade Secrets are not known to individuals or entities outside of Fellowes' business. Fellowes has taken extensive measures to guard the secrecy of its trade secrets. The Fellowes Trade Secrets are highly valuable and important to Fellowes' business. The development of the Fellowes Trade Secrets are the result of the expenditure by Fellowes of substantial time, effort, and money, and they could not be properly acquired or duplicated by others without substantial difficulty. Commencing in 2010, Defendant New United misappropriated Fellowes Trade Secrets by obtaining control of a manufacturing facility in China that contained confidential tooling, molds, equipment and documents which embody and contain Fellowes Trade Secrets. Defendant New United also misappropriated Fellowes Trade Secrets by hiring away from a Fellowes affiliated company, engineers who had knowledge, information and training of Fellowes Trade Secrets, and were obligated not to disclose same to third parties, and those individuals did thereafter discloses Fellowes Trade Secrets to New United.

10. Defendant New United is using the misappropriated Fellowes Trade Secrets to manufacture shredders which New United is distributing in the United States through its U.S. affiliate, Defendant New United Chicago. The New United shredders, made utilizing misappropriated Fellowes Trade Secrets, include shredders that infringe the '859 and '048 patents.

11. The New United shredders, which were made utilizing the Fellowes Trade Secrets, and which infringe the '859 and '048 patents, are presently being sold at retail outlets in the United States, including in the Northern District of Illinois, including Office Depot. The accused New United shredders, all of which were made using Fellowes Trade Secrets, and some of which also infringe the '859 and '048 patents, include at least the following models: SimplyShred S4-14CP and S4-06MP; New United or Intelli-Zone ST-6M, ST-10C, ST-12C, ST-8M, ET-15C, ET-20C, ET-12M and ET-15M; and the SaberCut 8Mu and SaberCut 6C Cross-cut

12. Further, Defendant New United, when it wrongfully obtained control of the manufacturing facility in China, also obtained possession of 70,000 Fellowes-branded and packaged shredders which have been offered for sale in the United States by New United or an affiliate thereof. Those products were all made utilizing Fellowes Trade Secrets and at least some of them are covered by the '859 and '048 patents. These shredder models include at least the following: PS-69Cb; PS-59Cb; SB-99Ci; PS-79Ci; SB-125Ci/SB-125i; C-225Ci; C-225i; SB-89Ci; and MS-460Ci.

13. Fellowes has complied with the statutory requirement of placing a notice of the '859 and '048 patents on all shredders it manufactures and sells that are covered by those patents.

**COUNT I - INFRINGEMENT OF U.S. PATENT D583,859**
**(Plaintiff repeats and realleges paragraphs 1-12 as if fully stated herein)**

14. On December 30, 2008, the United States Patent Office issued U.S. Patent D583,859 to Fellowes. A copy of the '859 patent is attached hereto as Exhibit A.

15. By manufacturing, importing, using, offering for sale and/or selling the Accused Shredders, Defendants have infringed and are continuing to infringe at least one claim of the '859 patent in violation of 35 U.S.C. § 271.

16. By reason of the ongoing and continuous infringement by Defendants of the '859

patent in violation of 35 U.S.C. § 271, Fellowes is entitled to an entry of an injunction against Defendants, preventing further infringement of Fellowes' patent rights, pursuant to 35 U.S.C. § 283.

17. Fellowes has suffered and is continuing to suffer damages as a result of Defendants' infringement of the '859 patent in violation of 35 U.S.C. § 271, and Fellowes is entitled to compensation or other damages as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284 and 289.

18. Further, Defendants' infringement of the '859 patent is willful.

### COUNT II - INFRINGEMENT OF U.S. PATENT D598,048
(Plaintiff repeats and realleges paragraphs 1-12 as if fully stated herein)

19. On August 11, 2009, the United States Patent Office issued U.S. Patent D598,048 to Fellowes. A copy of the '048 patent is attached hereto as Exhibit B.

20. By manufacturing, importing, using, offering for sale and/or selling the Accused Shredders, Defendants have infringed and are continuing to infringe at least one claim of the '048 patent in violation of 35 U.S.C. § 271.

21. By reason of the ongoing and continuous infringement by Defendants of the '048 patent in violation of 35 U.S.C. § 271, Fellowes is entitled to an entry of an injunction against Defendants, preventing further infringement of Fellowes's patent rights, pursuant to 35 U.S.C. § 283.

22. Fellowes has suffered and is continuing to suffer damages as a result of Defendants' infringement of the '048 patent in violation of 35 U.S.C. § 271, and Fellowes is entitled to compensation or other damages as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284 and 289.

23. Further, Defendants' infringement of the '859 patent is willful.

## COUNT III - MISSAPPROPRIATION OF TRADE SECRETS
### (765 ILCS 1065/1 et seq.)
### (Plaintiff repeats and realleges paragraphs 1-12 as if fully stated herein)

24. Defendants have misappropriated Fellows Trade Secrets and are currently profiting thereby, by selling in the United States products made by use of Fellows Trade Secrets, in competition with Fellows' shredders.  Further the Defendants' misappropriation of Fellowes Trade Secrets is willful and malicious.

25. Defendants have therefore violated the Illinois Trade Secret Act, 765 ILCS 1065/1 et seq.

## REQUEST FOR RELIEF

Fellowes hereby requests an entry of relief against Defendants as follows:

(a) Entering judgment that Defendants, by reason of the manufacture, use, importation, offer for sale, and/or sale of the Accused Shredders, infringe the patents asserted herein in violation of 35 U.S.C. § 271.

(b) Awarding Fellowes damages to the full extent permitted by 35 U.S.C. § 284 and 289, including interest, by reason of Defendants' infringement of the patents asserted herein.

(c) Finding this to be an exceptional case and entering appropriate relief, including attorneys' fees pursuant to 35 U.S.C. § 285 and enhanced damages pursuant to 35 U.S.C. § 284.

   (d)  Entering a permanent injunction against Defendants, barring and enjoining further manufacture, use, importation, offer for sale, sale, and distribution in the United States of all infringing products.

   (e)  Awarding damages pursuant to 765 ILCS/4(a) and (b) for Defendants' misappropriation of Fellowes Trade Secrets.

   (f)  Awarding all other relief as this Court deems proper.

## DEMAND FOR JURY

Fellowes requests that all issues triable by a jury be so tried in this case.

Dated: December 26, 2012   Respectfully submitted,

**BAKER & McKENZIE LLP**

/s/ Edward K. Runyan

Daniel J. O'Connor   Edward K. Runyan
Edward K. Runyan
**BAKER & McKENZIE LLP**
130 E. Randolph Drive
Chicago, IL  60601
ph:     (312) 861-8000
fax:    (312) 698-2341
daniel.oconnor@bakermckenzie.com
edward.runyan@bakermckenzie.com

Attorneys for Plaintiff, Fellowes, Inc..

List of Exhibits

    A    U.S. Patent D583,859

    B    U.S. Patent D598,048